**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**CENTRAL DIVISION**

**RYEISHA GAINES**                                                                    **PLAINTIFF**
**ADC #713306**

**v.**                              **Case No. 4:22-CV-00343-LPR**

**MARY MILLER, Corporal,**
**Wrightsville Hawkins Unit for Women, ADC**                    **DEFENDANT**

<u>**ORDER**</u>

On April 12, 2022, Plaintiff Ryeisha Gaines, an inmate in the McPherson Unit of the Arkansas Division of Correction, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.[1]  On November 19, 2022, Defendant Mary Miller filed a Motion to Compel along with evidence showing that Plaintiff had failed to respond to discovery requests.[2]  On December 8, 2022, the Court granted the parties' joint motion to extend the discovery deadline and the Motion to Compel was denied as moot.[3]  The new discovery deadline was January 9, 2023.[4]  On January 6, 2023, Defendant filed a Motion to Dismiss pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure.[5]  The Motion argued that this case should be dismissed because Plaintiff had still failed to respond to Defendant's discovery requests.[6]

---

[1] Compl. (Doc. 2).

[2] Mot. to Compel (Doc. 16).

[3] Order (Doc. 19).

[4] *Id*.

[5] First Mot. to Dismiss (Doc. 20).

[6] *Id.*

On January 24, 2023, after the time for Plaintiff to respond to the Motion to Dismiss had expired,[7] the Court entered an Order to Show Cause directing Plaintiff to respond to Defendant's discovery requests, within thirty days of the date of the Order, if she wished to proceed with this lawsuit.[8]   The Court also ordered Plaintiff to file a Notice with the Court documenting her compliance with the discovery requests, explaining her earlier non-compliance, and stating whether she intended to prosecute this case.[9]   The Court warned Plaintiff that failure to comply with the Order would result in dismissal of her Complaint without prejudice.[10]   Plaintiff failed to respond to the Order to Show Cause.   On March 8, 2023, Defendant filed a Second Motion to Dismiss based on Plaintiff's non-compliance.[11]   The Motion seeks dismissal pursuant to Rules 37(b)(2) and 41(b) of the Federal Rules of Civil Procedure, and asks that the Court dismiss the case as "frivolous" and issue a "strike" under the Prison Litigation Reform Act.[12]

Plaintiff has not complied with the Court's January 24, 2023 Order directing her to respond to Defendant's discovery requests and to file a corresponding Notice with the Court.   Accordingly, Defendant's Second Motion to Dismiss (Doc. 25) is GRANTED in part.   This case is hereby DISMISSED without prejudice pursuant to Local Rule 5.5(c)(2) and Rule 41(b) of the Federal Rules of Civil Procedure.[13]   But the Court does not issue a "strike" or recommend that the dismissal

---

[7] *See* Local Rule 7.2(b) (providing parties fourteen (14) days to respond to a motion).

[8] Order to Show Cause (Doc. 22).

[9] *Id*. at 3.

[10] *Id*.

[11] Second Mot. to Dismiss (Doc. 25).

[12] Br. in Supp. of Second Mot. to Dismiss (Doc. 26) at 4.

[13] Local Rule 5.5(c)(2) provides, in relevant part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.

count as a strike.[14]  Defendant's First Motion to Dismiss (Doc. 20) is DENIED as moot.  The Court

certifies pursuant to 28 U.S.C. § 1915(a)(3) that an *in forma pauperis* appeal from this Order or

the accompanying Judgment would not be taken in good faith.

      IT IS SO ORDERED this 15th day of August 2023.

 

                                   _____
                                   LEE P. RUDOFSKY
                                   UNITED STATES DISTRICT JUDGE

---

     Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

[14] *Gonzalez v. United States*, 23 F.4th 788, 790 (8th Cir. 2022), *cert. denied*, 142 S. Ct. 2837 (2022) (noting that only the "fourth or later" judge who is evaluating a prisoner complaint may determine whether previous cases count as "strikes" under the PLRA); *Daker v. Comm'r, Georgia Dep't of Corr.*, 820 F.3d 1278, 1283–84 (11th Cir. 2016) (holding that a dismissal for failure to prosecute cannot serve as a "strike" under the PLRA) (collecting cases from other circuits); *Anderson v. Langley*, 84 F. App'x 710 (8th Cir. 2003) (unpublished per curiam) (indicating that dismissals for failure to prosecute "may not fall within the ambit of section 1915(g)").